**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Benjamin Louis Nation, Appellant.

Appellate Case No. 2024-000185

---

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-164
Submitted March 2, 2026 – Filed April 1, 2026

---

**AFFIRMED**

---

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:** Benjamin Louis Nation appeals his conviction for first-degree burglary and sentence of twenty-five years' imprisonment, with credit for time served. On appeal, Nation argues the trial court erred in denying his motion for a

directed verdict because the State did not present any direct or substantial circumstantial evidence that he had the intent to commit a crime when he entered the victims' house. We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to the State, we hold the trial court did not err in denying Nation's motion for a directed verdict because a reasonable inference from the evidence showed Nation entered the house with the intent to commit a crime. *See State v. Bennett*, 415 S.C. 232, 235, 781 S.E.2d 352, 353 (2016) ("On appeal from the denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the State." (quoting *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014))); *id.* (stating an appellate court's review is limited to the existence or nonexistence of evidence); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) (stating a case is properly submitted to the jury when "there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused"); S.C. Code Ann. § 16-11-311(A)(2)-(3) (2015) ("A person is guilty of burglary in the first degree if the person enters the dwelling without consent and with intent to commit a crime in the dwelling, and either: . . . the burglary is committed by a person with a prior record of two or more convictions for burglary . . . or the entering or remaining occurs in the nighttime."). Here, Nation entered the house while it was dark outside, did not provide the victims with an explanation for why he was at their house, and was aware he was on trespass notice for that property. Additionally, the victims testified Nation, with whom they were familiar, was behaving in an unusual way while inside the house. *See McMillian v. State*, 383 S.C. 480, 487, 680 S.E.2d 905, 908 (2009) ("[T]he unexplained breaking and entry of a dwelling in the night is itself evidence of intent to commit larceny . . . ."); *id.* (stating intent to commit a crime may be inferred from a trespass); *State v. Gilliland*, 402 S.C. 389, 397, 741 S.E.2d 521, 526 (Ct. App. 2012) ("[T]he jury may base its determination of . . . intent upon evidence of the accused's actions once inside the dwelling.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.